UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

ARIES MARINE CORPORATION

VERSUS                                    CIVIL ACTION NO. 10-362

C. E. OIL TOOLS & SUPPLY, INC.
AND LEXINGTON INSURANCE          JUDGE:
COMPANY
                                          MAGISTRATE JUDGE:

*******************************************************************

## COMPLAINT
## ON BEHALF OF
## ARIES MARINE CORPORATION

NOW INTO COURT, through undersigned counsel, comes ARIES MARINE CORPORATION (hereafter "Aries Marine") who files this Complaint against C. E. OIL TOOLS & SUPPLY, INC. (hereafter "C. E. Oil") and LEXINGTON INSURANCE COMPANY (hereafter "Lexington"), and respectfully represents as follows:

1.

Aries Marine is a domestic corporation with its principal place of business in Lafayette, Louisiana and that it is authorized to do and doing business in the State of Louisiana.

2.

Made defendants herein are:

(a)   C. E. OIL TOOLS & SUPPLY, INC., a domestic corporation, registered to do business in Louisiana and doing business in the Western District of Louisiana within

the jurisdiction of this Honorable Court with its principal business establishment in Lafayette, Louisiana; and

(b) LEXINGTON INSURANCE COMPANY, a Delaware corporation with its principal place of business in Boston, Massachusetts, registered to do business in Louisiana and doing business in the Western District of Louisiana within the jurisdiction of this Honorable Court.

3.

This action falls within this Honorable Court's Admiralty and Maritime Jurisdiction pursuant to 28 U.S.C. § 1333 as it involves indemnity and insurance coverage obligations arising under a maritime contract.

4.

Venue is proper in the Western District of Louisiana pursuant to 28 U.S.C. § 1391(b) because both C. E. Oil and Lexington are authorized and registered to do business, and are doing business, in the Western District of Louisiana.

5.

This action for contractual indemnity and insurance coverage arises from a lawsuit that is currently pending in the United States District Court for the Southern District of Texas entitled: *Steven Clement v. Chevron USA, Inc.*, Civil Action No. H-10-375 (hereafter "the Texas Lawsuit").

6.

In the Texas Lawsuit, Steven Clement (hereafter "Clement") sued Chevron USA, Inc. ("Chevron") for injuries he allegedly sustained while working aboard a lift-boat

owned and operated by Aries Marine, which had been time chartered by Chevron pursuant to a Master Time Charter Agreement between Chevron and Aries Marine dated December 15, 2003 ("Chevron-Aries Marine Contract"). Under the Chevron-Aries Marine Contract, which is a maritime contract governed by maritime law, Aries Marine agreed to defend and indemnify Chevron against all claims and liabilities for injury to Third-Parties arising out of or in connection with Aries Marine's operations.

7.

Prior to the incident in question, Aries Marine and C. E. Oil entered into a Reciprocal Hold Harmless Agreement dated August 20, 2004 ("Aries Marine-C. E. Oil Hold Harmless"), which was in full force and effect at all relevant times regarding injuries to C. E. Oil's employees while working on board Aries Marine's vessels.

8.

On or around January 19, 2010, Chevron made formal demand against Aries Marine for defense and indemnity against Clement's claims against Chevron in the Texas Lawsuit pursuant to the Chevron-Aries Marine Contract. Since Clement (a direct employee of C. E. Oil) was a third-party as that term is defined in the Chevron-Aries Marine Contract, and since the allegations alleged in the Texas Lawsuit arose in connection with Aries Marine's operations, Aries Marine accepted Chevron's tender, and is currently defending and indemnifying Chevron in the Texas Lawsuit.

9.

On or about February 4, 2010, Aries Marine made formal demand against C. E. Oil and its insurer for defense and indemnity of Aries' obligations to Chevron in the

above captioned matter based on the Aries Marine-C. E. Oil Reciprocal Hold Harmless Agreement. For the following reasons, C. E. Oil is obligated to defend and indemnify Aries Marine for its liability to Chevron with regard to Clement's claims against Chevron in the Texas Lawsuit.

10.

The Aries Marine-CE Oil Hold Harmless is a maritime contract and is to be interpreted under maritime law. To be sure, it provides that:

> WHEREAS, ARIES MARINE owns various self-elevating vessels designed to be temporarily erected on the seabed for purpose of offshore petroleum exploration, development or production, hereinafter referred to as "lift boats," which Aries Marine, from time to time, charters to various entities in the offshore petroleum industry;
>
> WHEREAS, CONTRACTOR [CE Oil], from time to time, desires to operate on and/or utilize Aries Marine lift boats to furnish services, labor, materials, equipment, etc. for the purposes of offshore petroleum exploration, development, or production to various entities in the offshore petroleum industry...
>
> WHEREAS, ARIES MARINE AND CONTRACTOR (CE Oil)...desire to allocate the risks and liabilities arising out of Contractor's (CE Oil's) operations on or use of Aries Marine's lift boats...

11.

Under Section 3.2 of the Aries Marine-C. E. Oil Hold Harmless, C. E. Oil agreed to "**indemnify, defend and hold Aries Marine Group harmless from and against any and all** claims, **demands**, causes of action and judgments **of every kind and character**, and expenses, **without regard to the cause of causes thereof or the negligence of any**

**party or parties**, including the sole, joint or concurrent negligence of Aries Marine Group, **arising directly or indirectly, by** law, tort, or **contract or otherwise in favor of Contractor Group on account of bodily injury**, death or damage to property."

12.

Contractor Group is defined at Section 2.2 of the Aries Marine-C. E. Oil Hold Harmless to include Contractor's (C. E. Oil's) employees and representatives. At all relevant times, Clement was an employee of C. E. Oil.

13.

Furthermore, under Section 4.1 of the Aries Marine-C. E. Oil Contract, C. E. Oil agreed to procure and maintain commercial general liability insurance, including, but not limited to, coverage for personal injury, property damage **and contractual liability**, with limits of not less than $1,000,000 per occurrence. Moreover, Section 4.1 provides that "all of the coverages cited above [including the commercial liability insurance with coverage for contractual liability] shall name Aries Marine Group as additional named assureds…"

14.

Chevron's demand against Aries Marine for defense and indemnity against the claims made by Clement in the Texas Lawsuit triggered C. E. Oil's defense and indemnity obligations arising under Section 3.2 of the Aries Marine-C. E. Oil Hold Harmless.

15.

As such, C. E. Oil is obligated to defend and indemnify Aries Marine for its liability to Chevron, including Aries Marine's obligation to defend and indemnify Chevron in the Texas Lawsuit.

16.

At all relevant times, including at the time of the incident made the subject of the Texas Lawsuit, C. E. Oil had in full force and effect a commercial general liability policy with defendant Lexington ("Lexington CGL Policy").

17.

Aries Marine is entitled to coverage as an additional insured under the Lexington CGL Policy, including coverage over Aries Marine's liability to Chevron assumed in the Chevron-Aries Marine Contract.

18.

In the alternative, in the event that the Lexington CGL Policy does not provide Aries Marine coverage over its contractual liability to Chevron (which is at all times denied), then C. E. Oil is in breach of the insurance procurement provisions of the Aries Marine-C. E. Oil Hold Harmless, and Aries Marine is entitled to all damages arising from said breach.

19.

Despite formal amicable demand, C. E. Oil and Lexington have refused to defend and indemnify Aries Marine against its contractual liability to Chevron, making this lawsuit necessary.

**WHEREFORE**, premises considered, ARIES MARINE CORPORATION prays that its Complaint be deemed good and sufficient and that there be judgment in its favor against C. E. Oil Tools & Supply, Inc. and Lexington Insurance Company as prayed for herein.

AND FOR ALL GENERAL AND EQUITABLE RELIEF, ETC.

Respectfully submitted,

ONEBANE LAW FIRM

BY: _____
DOUGLAS W. TRUXILLO (LA #12937)
1200 Camellia Boulevard (70508)
Suite 300
Post Office Box 3507
Lafayette, LA 70502-3507
Telephone: (337) 237-2660
Email: truxillod@onebane.com

BY: _____
JAMES D. BAYARD (#30388)
1200 Camellia Boulevard (70508)
Suite 300
Post Office Box 3507
Lafayette, LA 70502-3507
Telephone: (337) 237-2660
Email: bayardj@onebane.com

Attorneys for Plaintiff ARIES MARINE
CORPORATION

Complaint of Aries Marine
against C. E. Oil and Lexington
Page 8

## SERVICE INSTRUCTIONS:

**Please serve:**

(1)   **C. E. Oil Tools & Supply, Inc.**
      **Through either of its registered agents for service of process:**
      **Richard Carlisle or Dianne Carlisle**
      **507 Farmington Drive**
      **Lafayette, Louisiana 70503**

(2)   **Lexington Insurance Company**
      **Through Honorable Jay Dardenne,**
      **Secretary of State**
      **Commercial Division**
      **8585 Archives Ave.**
      **Baton Rouge, LA 70809**

3188690.1