UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

**ARIES MARINE CORP.**                                **CIVIL ACTION 10-362**

**VERSUS**                                            **JUDGE DOHERTY**

**CE OIL TOOLS & SUPPLY, INC.,**                      **MAGISTRATE JUDGE HANNA**
**LEXINGTON INSURANCE CO.**

*RULING*
(Rec. Doc. 4)

Before the court is defendants' Motion to Transfer (rec. doc. 4). The motion is opposed. Oral argument was heard on the motion on May 26, 2010.

*FACTUAL BACKGROUND*

In October 2009, Steven Clement sued Chevron USA, Inc. In state district court in Texas. That case was removed to the Southern District of Texas and is captioned *Steven Clement v. Chevron USA, Inc., Civil Action No. 4:10-cv-375* with the Honorable Lee Rosenthal presiding (hereinafter the Clement suit). There is a motion to remand the case pending before Judge Rosenthal, and in addition, Chevron and Aries Marine, plaintiff herein, have jointly moved to transfer that case to the Western District of Louisiana.

On February 24, 2010, Lexington Insurance Company, a named defendant herein, filed a declaratory judgment action in the Southern District of Texas, *Lexington Insurance Company v. Chevron, USA, Inc., and Aries Marine Corporation, Civil Action No. 4:10-cv-00592*, with the Honorable Nancy Atlas presiding (hereinafter the Lexington DJ). In

1

that case Lexington seeks declaratory relief pertaining to the contractual indemnity obligations of its policyholder, C.E. Oil Tool, also a named defendant herein, as well as its own insurance coverage obligations for the claims raised in the Clement suit. On April 23, 2010, Aries moved to transfer that case to the Western District of Louisiana and have since moved to consolidate the two Texas cases and have Judge Rosenthal decide that motion under the "first filed" rule.

The instant suit was filed on March 3, 2010 by Aries and is essentially seeking the same type of relief as the Lexington DJ. Lexington has filed a motion to transfer this case to the Southern District of Texas claiming that, pursuant to the "first-filed" rule, this action should be heard along with the Lexington DJ. In opposition, Aries Marine argues the first filed rule is inapplicable to this matter because the Lexington DJ was an anticipatory filing. In any case, Aries argues, "it is the Southern District of Texas' responsibility to determine which of these two cases shall proceed."[1] Therefore, Aries asked the court to at least stay its ruling on the motion to transfer pending a decision by the Texas court on a motion to consolidate and two motions to transfer the underlying Texas litigation to this court.

At oral argument, Lexington indicated it had no objection to a stay of these proceedings.

### *Discussion*

---

[1] *Memorandum in Opposition to Defendants' Motion to Transfer on Behalf of Aries Marine Corporation* (rec. doc. 9), p. 6.

Pursuant to the "first-filed" rule, as set forth in *West Gulf Maritime Assn., v. ILA Deep Sea Local 24,* 751 F.2d 721, 729-730 n.1 (5th Cir. 1985) this court has the discretion to stay, dismiss or transfer this action to the Southern District of Texas in deference to the first-filed court. As succinctly set forth in *Twin City Insurance Co. v. Key Energy Services, Inc.* 2009 WL 1544255, 3 (SD Tex. 2009):

> The first-to-file rule is based on "principles of comity and sound judicial administration." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir.1997). It "requires federal district courts-courts of coordinate jurisdiction and equal rank-to exercise care to avoid interference with each other's affairs." *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir.1985).
>
> "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir.1999) (citing *Save Power*, 121 F.3d at 950; *West Gulf Maritime*, 751 F.2d at 728). The rule vests in the court in which the first of the two related actions was filed the responsibility of "determin[ing] whether subsequently filed cases involving substantially similar issues should proceed." *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir.1997). Therefore, the second-filed court should usually stay, dismiss, or transfer the action over which it is presiding in deference to the first-filed court. See *West Gulf Maritime*, 751 F.2d at 729 & n. 1, 730. This enables the court in which the first related action was filed to "decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Sutter Corp.*, 125 F.3d at 920.

*Twin City Insurance Co. v. Key Energy Services, Inc.* 2009 WL 1544255, 3 (S.D.Tex.,2009); See also *CanaTXX Gas Storage Limited v. Silverhawk Capital Partners, LLC*, 2006 WL 1984627, 3 (S.D. Tex., 2006).

If the Clement suit is remanded, the possibility of abstention under *Wilton v. Seven Falls Co.* 515 U.S. 277 (1995) exists in whichever district court has the declaratory

3

judgment action. Transfer at this stage would not make sense because the "first filed" case may be remanded, or if either Judge Rosenthal or Judge Atlas thought transfer to this district would be appropriate under 28 U.S.C. 1404, this case would literally "cross in the mail" with those. Therefore, the undersigned finds that the most logical action is to defer ruling on the motion and to stay this proceeding until such time as Judge Rosenthal determines the remand motion in the Clement case. If remand is denied in the Clement case, and neither case in Texas is transferred to this district, the motion to transfer can be raised again by the defendant in this matter.

## *Conclusion*

Therefore, given the foregoing, **IT IS ORDERED** that the motion to transfer is **DEFERRED**. **IT IS FURTHER ORDERED** that this case be **STAYED** without prejudice to the rights of the parties to move to re-open it once a decision regarding remand of the Clement lawsuit has been rendered. **IT IS FURTHER ORDERED** that counsel for defendant shall notify the court immediately upon decision by the Texas court.

Thus done and signed at Lafayette, Louisiana this 28th day of May, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)